**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-4919**

———————————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

WELDON VANCE BARNETT,

                                    Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge.
(CR-03-268-AW)

———————————

Submitted:  March 24, 2006          Decided:  April 14, 2006

———————————

Before WILKINSON, LUTTIG, and MICHAEL, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Jane Carol Norman, BOND & NORMAN, PLLC, Washington, D.C., for
Appellant.  Rod J. Rosenstein, United States Attorney, Deborah A.
Johnston, Assistant United States Attorney, Greenbelt, Maryland,
for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Weldon Vance Barnett appeals from the sentence imposed after he pled guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2000). The district court imposed a sentence of 188 months' imprisonment, and announced an alternative sentence of 144 months' imprisonment pursuant to United States v. Hammoud, 378 F.3d 426 (4th Cir.) (order), opinion issued by 381 F.3d 316 (4th Cir. 2004) (en banc), vacated, 543 U.S. 1097 (2005). On appeal, Barnett argues that, in light of United States v. Booker, 543 U.S. 220 (2005), he should receive the sentence that the district court stated it would impose if the Sentencing Guidelines were not mandatory. The Government asks this court to dismiss Barnett's appeal based upon his waiver of appellate rights.

This court reviews the validity of a waiver de novo, United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue on appeal is covered by the waiver. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). The

district court's discussion of the plea agreement was sufficient to establish that Barnett knowingly and intelligently entered into the plea agreement and the appellate waiver provision. United States v. General, 278 F.3d 389, 399-401 (4th Cir. 2002).

We have held that a plea agreement's waiver of the right to appeal that was accepted prior to the Supreme Court's decision in Booker was not invalidated by the Booker decision. United States v. Blick, 408 F.3d 162, 170-71 (4th Cir. 2005). Barnett's sentence is within the scope of the waiver provision. See Blick, 408 F.3d at 173. We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED